**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**TONIA MASSEY
and GREG MASSEY**                                            **PLAINTIFFS**

**VERSUS**                                            **CIVIL ACTION NO. 2:08CV243-P-S**

**DESOTO COUNTY, MISSISSIPPI, and
DEPUTY ROBERT WHARTON, INDIVIDUALLY**                **DEFENDANTS**

**ORDER**

This cause is before the Court on defendant Robert Wharton's Motion for Summary Judgment [47]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant Wharton seeks summary judgment on grounds of qualified immunity. The Court finds the motion well-taken with regard to plaintiff Greg Massey's § 1983 claim based on his alleged malicious prosecution.[1] However, with regard to both plaintiffs' § 1983 claims for excessive force and unlawful arrest and Tonia Massey's § 1983 claim predicated on defendant Wharton's alleged retaliation for her exercise of her First Amendment right to free speech, the Court concludes that the record does not support a finding of qualified immunity at this time. Summary judgment on qualified immunity grounds is not appropriate where the parties offer "[d]ivergent versions of what happened." Johnston v. City of Houston, 14 F.3d at 1056, 1058 (5th Cir. 1994). Viewing the evidence in the light most favorable to plaintiffs, Tonia Massey and Greg Massey have amply

---

[1] Greg Massey agrees "that his 'malicious prosecution' claim is subsumed in his Fourth Amendment arrest and prosecution without probably cause claim." Plaintiff's Brief at p. 15 n. 4.

alleged a violation of their clearly established rights to be free from arrest without probable cause, excessive force and First Amendment retaliation; under the record before the Court, genuine issues of material fact exist as to whether defendant Wharton's conduct was objectively reasonable under the circumstances. Accordingly, defendant Wharton is not entitled to summary judgment on grounds of qualified immunity as to the remaining § 1983 claims against him.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Robert Wharton's Motion for Summary Judgment [47] should be, and hereby is, GRANTED IN PART AND DENIED IN PART. IT IS FURTHER ORDERED that plaintiff Greg Massey's § 1983 malicious prosecution claim against defendant Robert Wharton is hereby DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED that plaintiffs' remaining claims against defendant Wharton are to be decided following a trial on the merits. IT IS FURTHER ORDERED that the stay imposed by Magistrate Judge David A. Sanders on November 17, 2009 is hereby LIFTED. The parties are to contact the assigned Magistrate Judge regarding the entry of an amended case management order within fourteen (14) days of the entry of this Order.

SO ORDERED, this the 8th day of September, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE